**O**

CASE CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM RADCLIFFE, III, | CASE NO. CV 11-0945-ODW (DTBx) <br> ED |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OF DISMISSAL [27] |
| JP MORGAN CHASE BANK, N.A., PROFESSIONAL RECOVERY SERVICES, INC., and DOES 1 through 10, inclusive | |
| Defendants. | |

Currently before the Court is Plaintiff, William Radcliffe, III's ("Plaintiff"), Motion for Relief from Judgment of Dismissal. (Dkt. No. 27.) After careful consideration, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78 ("Rule ___"); L.R. 7-15. For the following reasons, the Court **DENIES** Plaintiff's Motion.

Plaintiff instituted this action against JP Morgan Chase Bank, N.A. and Professional Recovery Services, Inc. (collectively, "Defendants") on May 10, 2011 in

state court. The case was subsequently removed on June 14, 2011. (Dkt. No. 1.) On June 22 and 30, 2011, Defendants respectively filed Motions to Dismiss Plaintiff's Complaint. (Dkt. Nos. 9, 18.) Plaintiff failed to oppose Defendants' Motion. Accordingly and based on the arguments presented, the Court granted the Motions with leave to amend the Complaint within ten days on August 1, 2011. (Dkt. No. 20.)

On August 11, 2011, rather than *manually filing* with the clerk of court as required, Local Rule 3-2, Plaintiff attempted to *e-file* his First Amended Complaint. (*See* Dkt. No. 21.) The clerk issued a Notice of Discrepancy and ordered Plaintiff to file the First Amended Complaint by August 22, 2011. (Dkt. Nos. 23-24.) Plaintiff failed to do so, and the Court dismissed the case with prejudice on August 29, 2011. (Dkt. No. 26.) Plaintiff now seeks relief from the judgment of dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1)[1].

"As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). "[T]he district court has discretion to determine, in a particular case, whether attorney neglect is excusable or whether it is not." *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1121 (C.D. Cal. 2005) (citing *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004)).

"The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395 (1993)). "To determine when neglect is excusable, [the district court must] conduct the equitable analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay [or other error, including whether it was within the reasonable control of the

---

[1] Rule 60(b)(1) states: "Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect . . . ."

movant]; and (4) whether the movant acted in good faith.'" *Id*. (quoting *Bateman v. United States Postal Serv*., 231 F.3d 1220, 1223-24 (9th Cir. 2000)). The above factors are not exclusive but "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

In this case, upon examining the four *Pioneer* factors, the Court is inclined to find that Plaintiff's neglect was not excusable. First, Plaintiff contends no bad faith exists because they complied with the "order of the court, Federal Rules of Civil Procedure, and the Local Rules . . . ." (Mot. at 4.) Plaintiff, however, overlooks the fact that he failed to oppose Defendants' Motions to Dismiss, failed to comply with Local Rule 3-2 by not manually filing the First Amended Complaint, and lastly, failed to comply with the clerk's notice requiring Plaintiff to manually file the First Amended Complaint by a certain date. Likewise, Plaintiff unfortunately seems to be misguided in believing that Rule 5 applies to filing Complaints. On the contrary, in this district, Rule 3 and Local Rule 3-2 apply requiring plaintiffs to manually file complaints. *See* Fed. R. Civ. P. 3; L.R. 3-2. Hence, Plaintiff's failure to comply with the rules of this Court on several occasions renders *Pioneer* factors three and four heavily in Defendants' favor.

As to the remaining *Pioneer* factors, the Court agrees with Plaintiff that this case is still in its infancy and the potential impact on the proceedings will be minimal if the judgment is set aside. Consequently, the second factor weighs in Plaintiff's favor. Lastly, the first *Pioneer* factor involving the potential danger of prejudice to Defendants is a neutral one. On one hand, if relief from judgment is granted, Defendants will have to continue defending the allegations that are potentially meritless and most likely conduct further motion practice as indicated in their Opposition papers. (Opp'n at 2.) On the other hand, Courts should liberally construe Rule 60 to allow for the just determination of cases on the merits. *Rodgers v. Watt*, 722 F.2d 456, 459-60 (9th Cir. 1983). Balancing this tension renders this factor neutral. Accordingly, on balance, the
///

*Pioneer* factors weigh in favor of Defendants. Thus, the Court **DENIES** Plaintiff's Rule 60(b)(1) Motion.

IT IS SO ORDERED.

December 14, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

4